JUDITH A. PHILIPS
Acting United States Attorney
District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
*Mar 08, 2021*
Michelle Rynne, Clerk of Court

MICAH SMITH
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:  (808) 541-2850
Facsimile:  (808) 541-2958
Email:  Micah.Smith@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | MAG. NO. 21-0289 RT |
| | ) | |
| Plaintiff, | ) | CRIMINAL COMPLAINT; |
| | ) | AFFIDAVIT IN SUPPORT OF |
| v. | ) | CRIMINAL COMPLAINT |
| | ) | |
| NICHOLAS A. CARIGNAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true

and correct to the best of my knowledge and belief:

<u>Count 1</u>
Possession with Intent to Distribute Methamphetamine
(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A))

From a precise date unknown, but by at least on or about December 4, 2019, within the District of Hawaii, within the District of Hawaii, NICHOLAS A. CARIGNAN, the defendant, did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

<u>Count 2</u>
Felon in Possession of Ammunition
(18 U.S.C. §§ 922(g)(1) and 924(a)(2))

From a precise date unknown, but by at least on or about December 4, 2019, within the District of Hawaii, NICHOLAS A. CARIGNAN, the defendant, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, and knowing that he had been convicted of such a crime, did knowingly possess ammunition, namely, approximately seven rounds of .40 caliber

//

//

//

2

ammunition, said ammunition having been previously shipped and transported in

interstate and foreign commerce.

DATED:  March  8 , 2021, at Honolulu, Hawaii.

MICHAEL LESKO
Special Agent, DEA

Sworn to under oath before me telephonically, and attestation acknowledged
pursuant to Fed. R. Crim. P. 4.1(b)(2), on March,  8 , 2021, at Honolulu, Hawaii.



Rom A. Trader
United States Magistrate Judge

3

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

MICHAEL LESKO, after being duly sworn, deposes and states as follows:

1.      I am a Special Agent with the U.S. Drug Enforcement Administration ("DEA") and am currently assigned to DEA Enforcement Group One in Honolulu, HI.  I have been employed as a DEA Special Agent since July 2020.  In the course of my work, I investigate violations of federal drug trafficking laws.  I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered by law to conduct investigations of and make arrests for federal felony offenses.

2.      I have utilized informants to investigate drug trafficking.  Through informant interviews, and extensive debriefings of individuals involved in drug trafficking, I have learned about the manner in which individuals and organizations distribute controlled substances.  I have also relied upon informants to obtain controlled substances from dealers, and have received training in undercover purchases of controlled substances.

3.      The information contained in this affidavit is based on my training and experience, my personal knowledge of the investigation, and discussions with other law enforcement personnel.  This affidavit is intended only to establish sufficient probable cause to conclude that the defendant referenced above

committed the aforementioned offense.  This affidavit does not set forth all of my knowledge about this matter.

4.      As set forth below, I believe there is probable cause to conclude that on December 4, 2019, NICHOLAS A. CARIGNAN, the defendant, possessed with intent to distribute 50 grams or more of methamphetamine.

## **PROBABLE CAUSE**

5.      In or about December 2019, the DEA arrested an individual who was in possession of distribution-weight methamphetamine ("CS-1").[1]  CS-1 identified a photograph of NICHOLAS A. CARIGNAN, the defendant, as the person who had supplied that methamphetamine to CS-1.

6.      On or about December 4, 2019, under the supervision of the DEA, CS-1 made a telephone call to NICHOLAS A. CARGINAN, the defendant, and arranged to purchase approximately two pounds (approximately 906 grams) of methamphetamine at a location in Honolulu, Hawaii.

7.      In the late evening of December 4, 2019, NICHOLAS A. CARIGNAN, the defendant, drove the area in which he had agreed to meet CS-1. DEA personnel approached CARIGNAN while he was still in his vehicle and placed him under arrest.  CARIGNAN's vehicle was searched, resulting in the

---

[1] CS-1 had exposure for federal drug crimes and cooperated with law enforcement in hope of receiving leniency at sentencing.

seizure of two zip-lock style bags containing a crystalline substance resembling crystal methamphetamine.

8.      After his arrest, NICHOLAS A. CARIGNAN, the defendant, admitted to having stored additional crystal methamphetamine in a residence in Honolulu, Hawaii (the "Residence").  CARIGNAN consented to a search of the Residence, which resulted in the seizure of 15 transparent zip-lock style bags containing a crystalline substance resembling crystal methamphetamine.

9.      The substances obtained from NICHOLAS A. CARIGNAN, the defendant, and from the Residence were sent to the DEA laboratory for testing. The laboratory results show that the substances seized from CARIGNAN's residence contain approximately 5,709 grams, or approximately 12 pounds, of pure methamphetamine.

10.     In addition to the above-described methamphetamine, DEA personnel recovered a Polymer80 pistol (colloquially referred to as a "ghost gun") and a magazine containing approximately seven rounds of .40 caliber ammunition from the Residence.  The "ghost gun" had an apparent Glock auto switch affixed to the slide, which from my training and experience is a device used to convert a pistol into an automatic weapon.  After the agents recovered the firearm, NICHOLAS A. CARIGNAN, the defendant, confirmed that the firearm belonged to him.

11.    An ATF Nexus Special Agent has indicated that the above-referenced .40 caliber ammunition were not manufactured in the state of Hawaii, meaning that they must have traveled across state lines before coming into the possession of NICHOLAS A. CARIGNAN, the defendant.  Moreover, I believe there is probable cause to conclude that CARIGNAN was, and knew he was, a convicted felon at the time he possessed that ammunition.  By the time he possessed the ammunition, CARIGNAN had two prior felony convictions in state court.  In particular, on November 27, 2013, CARIGNAN was found guilty, as a result of no contest pleas, of Place to Keep Pistol or Revolver (HRS § 134-0025), a Class B Felony, and Reckless Endangering 1 (HRS § 707-0713), a Class C Felony, and sentenced to concurrent terms of five years of probation.  The electronic docket for the firearm case indicates that CARIGNAN pleaded no contest "VOLUNTARILY, KNOWINGLY, & WITH THE FULL UNDERSTANDING OF THE NATURE OF THE  CHARGES & THE CONSEQUENCE OF HER [sic] PLEAS . . . ." Docket # 53, Case ID 1PC131000170, *State of Hawaii vs. Nicholas A Carignan* (First Circuit).

12.    More recently, on or about March 4, 2021, an individual ("CS-2") was arrested and identified CARIGNAN as his/her supplier of methamphetamine.[2] Under the direction of the DEA, CS-2 made a consensually recorded call to

---

[2] CS-2 has exposure for federal drug crimes and cooperated with law enforcement in hope of receiving leniency at sentencing.

CARIGNAN and offered to pay back CARGINAN for money CS-2 owed

CARIGNAN. CS-2 also sought to purchase additional methamphetamine from

CARIGNAN. CARIGNAN responded, in substance and in part, that he did not

want to discuss these matters by phone but would speak to CS-2 when they met in

person. CARIGNAN subsequently refused to meet, however, and stopped

responding to calls.

## CONCLUSION

13.    Based on the foregoing facts, I respectfully submit that probable cause

exists to believe that NICHOLAS A. CARIGNAN, the defendant, committed the

aforementioned offenses.

Respectfully submitted,

MICHAEL LESKO
Special Agent, DEA

This Criminal Complaint and Affidavit in support thereof were presented to,
approved by, and probable to believe that the defendant above-named committed
the charged crime found to exist by the undersigned Judicial Officer at 4:14 p.m. on
March ___8___, 2021.

Sworn to under oath before me telephonically, and attestation acknowledged
pursuant to Fed. R. Crim. P. 4.1(b)(2), on March ___8___, 2021, at Honolulu,
Hawaii.



Rom A. Trader
United States Magistrate Judge

5