IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS A. CARIGNAN,<br><br>Defendant. | Case No. 22-cr-00021-DKW<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) AND DIRECTING DEFENDANT'S IMMEDIATE RELEASE** |

Defendant Nicholas A. Carignan moves for a reduction of his sentence to time served, arguing that, due to his terminal illness, "extraordinary and compelling circumstances" justify his release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  Dkt. No. 71.  The Government does not oppose the motion, although it requests modifications to the terms of Carignan's supervised release and a brief stay of any release order to allow logistical coordination between federal authorities and Carignan's representatives.  Dkt. No. 74.  For the reasons more fully stated below, the motion is GRANTED.

## RELEVANT PROCEDURAL BACKGROUND

On March 10, 2025, Carignan was sentenced to 84 months' imprisonment, after pleading guilty to possession with the intent to distribute 50 grams or more of methamphetamine under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), to be followed

by 3 years of supervised release.  Dkt. No. 59.  Carignan began serving his sentence on July 2, 2025, Dkt. No. 67, and has an anticipated release date of February 2031, Dkt. No. 74 at 3.

On May 18, 2026, Carignan filed his motion to reduce sentence pursuant to Section 3582(c)(1)(A)(i).[1]  Dkt. No. 71.  Carignan states that he has been diagnosed with stage IV renal cell carcinoma, which has metastasized, a terminal condition that has reduced his life expectancy to 12 to 18 months.  *Id*. at 4–5. Carignan argues that his illness constitutes an extraordinary and compelling circumstance justifying compassionate release, and requests that the Court reduce his sentence to time served and allow him "to begin supervised release under whatever conditions the Court deems appropriate." *Id*. at 11.

On June 1, 2026, the Government filed its response, stating that it does not oppose the motion because it agrees that Carignan's condition is an "extraordinary and compelling reason . . . that would permit compassionate release."  Dkt. No. 74 at 3.  The Government requests that, in light of Carignan's criminal history, the Court place Carignan under GPS monitoring while on supervised release and that any order granting compassionate release be stayed for 7 days to allow the Bureau of Prisons

---

[1] A motion for reduction of sentence pursuant to Section 3582(c)(1)(A) requires a defendant to first exhaust administrative remedies.  Carignan completed this requirement, as of March 26, 2026, when the warden at FCI Oxford denied his request for compassionate release.  Dkt. No. 71 at 7 and Exh. C thereto; *see also* Dkt. No. 74 at 3 ("[T]he United States agrees that the Defendant has properly exhausted his administrative remedies.").

("BOP") time to coordinate Carignan's release with United States Probation. *Id.* at 4–5. On June 2, 2026, Carignan replied that he does not object to the Government's proposed conditions. Dkt. No. 75.

## DISCUSSION

Pursuant to Section 3582(c)(1)(A)(i), a court may, after considering the factors set forth in Section 3553(a), modify a term of imprisonment if there are "extraordinary and compelling reasons warrant[ing] such a reduction[,]" the defendant is not a danger to the safety of others or the community, and the reduction is consistent with any relevant policy statements of the U.S. Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13(a)(1)(A), (2), (3).

As relevant here, medical conditions may be "extraordinary and compelling" where the defendant "is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," though "[a] specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required." U.S.S.G. § 1B1.13, cmt. n.1 (A)(i).

Carignan states that he suffers from a terminal illness, stage IV renal cell carcinoma, which is likely fatal with a life expectancy of 12 to 18 months. Dkt. No. 71 at 4–5. Carignan further states that surgical intervention is not currently possible and that the systemic immunotherapy treatment recommended by his physicians must begin immediately and will be accompanied by severe side effects that would

be difficult to manage within the prison setting. *Id*. The Government does not dispute Carignan's condition, status, or prognosis and concedes that they constitute extraordinary and compelling circumstances justifying release, including after consideration of the Section 3553(a) factors. Dkt. No. 74 at 3–4. In light of the Government's non-opposition, and upon the Court's own review of the record, which the supports the urgency that Defendant describes, the Court agrees that compassionate release is appropriate.

The Government requests that (1) Carignan's 3-year period of supervised release be modified to include GPS location monitoring; and (2) Carignan's release be stayed for 7 days. Dkt. No. 74 at 4–5. Carignan does not object to either proposal. Dkt. No. 75. The Court grants the Government's GPS request as a reasonable additional imposition, given Defendant's early release. The Government's stay request, designed to coordinate Defendant's release, is likewise granted, but as modified below.

<u>**CONCLUSION**</u>

For the reasons set forth above, Carignan's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), Dkt. No. 71, is GRANTED. Carignan's sentence of imprisonment is reduced to time served. The Court orders the Bureau of Prisons to immediately release Carignan to begin his previously-ordered term of supervised release, subject to the terms below:

- 4 -

1. Carignan's release is stayed until the Bureau of Prisons is able to coordinate the appropriate location, date, and other specific terms of release, to include Defendant's continuity of care, with the United States Probation Office and Defendant's representatives.  In no event shall Defendant be released later than June 10, 2026, seven (7) days from the date of this Order.

2. In addition to the terms of supervised release set forth in the Judgment (Dkt. No. 59), the following supervised release condition is added:

   During his term of supervised release, Carignan will be monitored by GPS for a period of one year and must follow the rules and regulations of the location monitoring program, pursuant to a Participant's Agreement. Carignan is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by his supervising probation officer.  He shall earn leave as determined by the probation officer.  Carignan must pay the costs of the program, as directed by United States Probation.

   IT IS SO ORDERED.

   DATED: June 3, 2026 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
Chief United States District Judge

---

_United States of America vs. Nicholas A. Carignan_; Cr No. 22-00021 DKW;
**ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i) AND DIRECTING DEFENDANT'S IMMEDIATE RELEASE**